# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

KATHY HALL and CLIFFORD HALL,

        Plaintiffs,

        v.

MARK SOUDER, UNITED STATES
POSTAL SERVICE, PITNEY BOWES,
INC., FRANK NESTER, AND NESTER
CONSTRUCTION,

        Defendants.

CAUSE NO.: 1:18-CV-210-TLS

## OPINION AND ORDER

On July 6, 2018, Defendant United States Postal Service (USPS) filed for removal from the Steuben Circuit Court to the Northern District of Indiana, pursuant to 28 U.S.C. §§ 1442 and 2679 [ECF No. 1]. Subsequently, Defendant USPS filed a Motion to Dismiss for lack of Jurisdiction, and Failure to State a Claim, or Alternatively Summary Judgment [ECF No. 10]. The Plaintiffs have responded [ECF No. 20], and Defendant USPS replied [ECF No. 21]. The other Defendants, Mark Souder, Pitney Bowes, Inc., and Frank Nester and Nester Construction, have each filed Responses to the Motion to Dismiss as well, requesting that if the Court grants Defendant USPS's Motion, the Court allow the other Defendants to name the Defendant USPS as a "nonparty Defendant" for purposes of considering fault [ECF Nos. 16, 18, and 19].

## BACKGROUND

On October 19, 2017, the Plaintiffs filed their initial Complaint against Defendants Mark Souder and Pitney Bowes in the Dekalb Superior Court, Dekalb County, Indiana. On December 28, 2017, the Plaintiffs filed their Motion to Amend the Complaint, adding Defendant USPS. On

January 10, 2018, the Plaintiffs filed a Second Motion to Amend Complaint for Damages, adding

Frank Nester and Nester Construction as Defendants. Before the Motions to Amend were

granted, on May 11, 2018, the case was transferred to the Steuben Circuit Court, Steuben

County, Indiana. The Steuben Circuit Court ordered Plaintiffs to file an amended complaint, and

on June 18, 2018, Plaintiffs filed an Amended Complaint for Damages, which named the USPS

as a Defendant, and a Second Amended Complaint for Damages adding Defendants Frank Nester

and Nester Construction. The Court ordered that Defendant USPS be served by certified mail

with a copy of the amended complaint and a summons from the Steuben Circuit Court.

The Plaintiffs allege that Kathy Hall, while on premises of Defendants Mark Souder,

USPS, and/or Pitney Bowes, Inc., slipped and fell on ice. The Plaintiffs further allege that Kathy

Hall sustained injuries for which she seeks damages. The Plaintiffs further allege that, because of

Kathy Hall's injuries, Clifford Hall lost the services and consortium of his wife, for which he

seeks damages.

Defendant USPS removed the action on July 6, 2018, pursuant to 28 U.S.C. §§ 1442 and

2679. Defendant USPS moved to dismiss the action, arguing that the Court has no jurisdiction.


**STANDARD OF REVIEW**

The Court must first consider the threshold jurisdictional issue before reaching the merits

of the case. "Jurisdiction of the federal court on removal is, in a limited sense, a derivative

jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the

federal court acquired none, although in a like suit originally brought in a federal court it would

have had jurisdiction." *Axson v. Reynolds*, 1:16-CV-322, 2017 WL 495694, at *2 (N.D. Ind. Feb.

7, 2017) (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)); *see also Abu-Humos v. First Merit Bank*, No. 15-CV-6961, 2015 WL 7710374, at *1 (N.D. Ill. Nov. 30, 2015).

## ANALYSIS

### A.     The Court Lacks Jurisdiction Over the Removed Action

It is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued," and hence may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Sovereign immunity extends to both the United States as well as its agencies. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). In the Federal Tort Claims Act, 28 US.C. § 2671 *et seq.*, (FTCA), "Congress waived the United States's sovereign immunity for suits brought by persons injured by the negligence of federal employees acting within the scope of their employment." *Furry v. United States*, 712 F.3d 988, 992 (7th Cir. 2013) (citing *Emp'rs Ins. of Wausau v. United States*, 27 F.3d 245, 247 (7th Cir. 1994)). The FTCA is the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment, *see Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012), and federal district courts have exclusive jurisdiction over such FTCA claims. *See Keller v. United States*, 771 F.3d 1021, 1022 (7th Cir. 2014) (citing 28 U.S.C. § 1346(b)(1) and § 2674).

The Plaintiffs argue the jurisdictional language of 39 U.S.C. § 409(a) of the Postal Reorganization Act, which confers concurrent jurisdiction on federal courts, applies instead. *See* Pl.'s Resp., p. 2, ECF No. 20. However, the Court disagrees: the FTCA, and its exclusive jurisdictional grant to the federal district courts, applies to the instant case. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) ("the [Postal Reorganization Act] also provides that the

FTCA 'shall apply to tort claims arising out of activities of the Postal Service,'" citing § 409(c)); *see also Boehme v. U.S. Postal Serv.*, 343 F.3d 1260, 1263 (10th Cir. 2003); *Davric Maine Corp. v. U.S. Postal Serv.*, 238 F.3d 58, 62 (1st Cir. 2001); *Douglass v. U.S. Postal Serv.*, Case No. 3:17-cv-250 RLM-MGG, 2017 WL 2225187, *2 (N.D. Ind. May 22, 2017) ("[F]or tort claims, the [FTCA] governs the USPS's immunity.").

Because jurisdiction of FTCA claims lies solely with federal district courts, the Indiana state courts before which the original complaint was filed had no jurisdiction to hear the claim. Because the state court had no jurisdiction, this Court acquired none upon removal of the Plaintiffs' action. *See Rodas v. Seidlin*, 656 F.3d 610, 615–16 (7th Cir. 2011); *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *Fedorova v. Wells Fargo & Co.,* No. 16-C-1810, 2016 WL 2937447, at *2 (N.D. Ill. May 20, 2016); *Abu-Humos*, 2015 WL 7710374, at *1–2. *Rodas* recognized a limited exception for the derivative jurisdiction rule for removals under § 1442 where a motion to dismiss is made after removal, but only where the case has already been decided on the merits. *Rodas*, 656 F.3d at 619–25. Here, the case has not been decided on the merits, and thus, dismissal is the proper result. *See Abu-Humos*, 2015 WL 7710374, at *n.1 ("[D]ismissal is strongly indicated when the issue is raised before any substantive matters have been addressed.").

## B.      The State Law Claims

The Plaintiffs assert the same tort claims against the remaining Defendants; however, the Court has not found, and no party has suggested, a basis for federal jurisdiction over these state law claims. The Court's jurisdiction over state-law claims is based on supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), which extends the jurisdiction of federal district courts to all

claims that are sufficiently related to the claim or claims on which their original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution. "When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims." *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012); *see also* 28 U.S.C. § 1367(c)(3) (stating that a court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction"). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, (1966)); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (noting that established law of this circuit is that the "usual practice" is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed before trial).

This Court has not engaged in any meaningful review of the merits of the remaining claim, or otherwise committed substantial judicial resources to it. The resources spent by the parties can be applied to the litigation in state court, and the state court can make a determination regarding any motions to dismiss for the failure to state a claim. Accordingly, an Indiana court should decide the Plaintiffs' state law claims against the remaining Defendants, and the Court remands the claims for that purpose.[1]

---

[1] The other Defendants have each requested that the Court "allow" or "permit" them to name Defendant USPS as a nonparty Defendant. *See Def. Mark Souder's Resp. to Mot., Def. Pitney Bowes, Inc.'s Resp. to Mot., and Defs. Frank Nester and Nester Construction's Resp. to Mot.*, ECF Nos. 16, 18, and 19. However, as this Court has no jurisdiction over this litigation, it cannot allow or permit any actions.

**C.     Statute of Limitations**

Despite arguing that the Court has no jurisdiction over the Plaintiffs' FTCA claim, Defendant USPS requests that the Court grant summary judgment against the Plaintiffs. As discussed above, the Court has no jurisdiction over this claim; therefore, the Court cannot reach a merits determination and grant summary judgment.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Defendant USPS' Motion to Dismiss for Lack of Jurisdiction [ECF No. 10], DISMISSES the Plaintiffs' claims WITHOUT PREJUDICE, RELINQUISHES JURISDICTION over the remaining state law claims, and DIRECTS the Clerk of Court to REMAND the case to the Steuben Circuit Court.

SO ORDERED on March 4, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT